IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CINDI MARCELLUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No: 3:12-CV 260 |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| VILLAGE BANK | ) |
| DAVID G. FAHY | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, CINDI MARCELUS, (hereafter, "the Plaintiff') by counsel, and as for her Complaint against the Defendant, she alleges as follows:

1. This is a class action for statutory and punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA")..

### JURISDICTION, and VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681.

3. Venue is proper in this District and Division, as the Defendant's violations of the law occurred in this jurisdiction, and the Defendant's registered office and registered agent is located in Midlothian, Virginia.

### PARTIES

4. The Plaintiff is a natural person and resides in the Commonwealth of Virginia. Plaintiff is a "consumer" as defined by the FCRA.

5. Upon information and belief, Village Bank("Village") is a Virginia Corporation. It is a "user" of credit reports as defined by the Fair Credit Reporting Act.

## FACTS

6. Plaintiffs husband was an obligor of an account with Village Bank.

7. Plaintiff was never an obligor, co-obligor, co-signer, or otherwise obligated to pay Village on the account of her husband.

8. Plaintiff has never borrowed money from Village for any account, including line of credit, mortgage, credit card, etc.

9. Defendant accessed at least one consumer report regarding the Plaintiff specifically, the full version of a TransUnion report.

10. When the Defendant ordered the "full" version of this product from TransUnion, it was aware that the Fair Credit Reporting Act required the Defendant to have a permissible purpose for accessing the report, and that TransUnion required the same.

11. The Defendant certified to TransUnion via a blanket certification that its permissible purpose for obtaining the report was to be used:

    a. in connection with a "credit transaction" involving the consumer on whom the information was to be furnished; and

    b. in conjunction with the collection of the consumer's account, in accordance with 15 U.S.C. § 1681b(a)(3)(A).

12. At the time it obtained the Plaintiff's consumer report pursuant to this certification, the Defendant knew that it was not in possession of any application on the account and that Plaintiff spouse of an obligor, but not as co-obligor, co-signer, or otherwise obligated to pay any money to defendants.

13. In response to the electronic communication containing the false certification, TransUnion furnished to the Defendant a consumer report that regarded the Plaintiff on or about October 28, 2010.

14. The TransUnion consumer report revealed Plaintiff's private financial information to the Defendant, a complete stranger to the Plaintiff.

15. The Defendant determined from these consumer reports that Plaintiff had an excellent credit rating and also obtained her personal identifiers, addresses, telephone numbers, and information about her creditors and employer.

16. Defendant used the credit file it obtained to force Robert Marcellus to enter into a payment plan to deal with a defaulted credit loan.

17. Plaintiff was never an obligor on the Robert Marcellus account.

18. Plaintiff never applied for the Robert Marcellus account.

19. Plaintiffs husband, Robert Marcellus, had opened the account for business purposes.

20. When the Defendant's employee, David Fahy (Fahy), spoke with the Plaintiff's husband, Fahy showed the credit file to Robert Marcellus, and claimed that it was showing that he could obtain payment from them, stating that they were getting pretty good at going after people, showing numerous items of personal and private information which regarded the Plaintiff including but not limited to Plaintiff s social security number, home address, previous addresses, the identity of her employer, her employer's phone number, and her date of birth.

21. Plaintiff was alarmed at the amount of information that the Defendant had obtained regarding her, and at the possibility that defendant could collect against her for a loan which she had no liability.

22. Defendant's representations regarding Plaintiffs status as an obligor were false.

23. Defendant's sworn certifications to TransUnion regarding the Plaintiff were false, including, but not limited to, the certification that the Defendant's access of the Plaintiff's credit report was made in conjunction with a credit transaction involving the Plaintiff, that the Plaintiff had an existing credit relationship with the Defendant, that the account was Plaintiff's account, and that the Defendant had therefore had a permissible purpose for accessing her report.

24. TransUnion would not have provided a full version of the Report to Village or Fahy regarding the Plaintiff, but for the false representations described in paragraph 23.

25. The actions of the defendants were willful, because they either knew or should have known that accessing the credit file of the plaintiff was not permitted, and that they could be subject to suit.

26. In *Yohay v. City of Alexandria Employees Credit Union*, 827 F.2d 967 (4th cir, 1987), the Fourth Circuit held that impermissible access with knowledge that the access was wrongful may be a willful violation.

27. The plaintiff suffered from emotional damages in the forms of shock and disgrace, and fear of further repercussions, including identity theft, collection action actions by defendant against her for a debt she had no personal liability.

FIRST CLAIM FOR RELIEF
FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681b(f)

28. Plaintiff realleges and reincorporates paragraphs 1 through 27 above as if fully set out herein.

29. The Defendants willfully and intentionally violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(t) by using or obtaining one or more consumer reports that regarded Plaintiff without a permissible purpose.

30. The Defendants willfully and intentionally violated the Fair Credit Reporting Act, 15 U.S.C. §1681b(t) by failing to certify its permissible purpose for accessing the consumer reports which regarded Plaintiff prior to its access of their reports.

31. The plaintiff is entitled to actual damages, statutory damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681n for willful violation of the Fair Credit Reporting Act.

32. Alternatively, the plaintiff is entitled to actual damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o for negligent violation of the Fair Credit Reporting Act.

WHEREFORE, Your Plaintiff and her class members demand judgment to recover statutory damages, actual damages, punitive damages, and attorney's fees and costs from the Defendant in an amount to be determined by the Court. The Plaintiff also moves this Court for declaratory and injunctive relief, including, but not limited to, an Order forbidding the Defendant from obtaining consumer reports which regard consumers who are not applicants, co-applicants, obligors, co-obligors or otherwise obligated to pay defendant.

## JURY DEMAND

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

CINDI MARCELLUS

By: /s/ Jason M. Krumbein

Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services, Inc.
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
Fax: 804.303.0209
Email: JKrumbein@KrumbeinLaw.com


Leonard A. Bennett
VSB37523
Consumer Litigation Associates, PC
763 J. Clyde Morris Blvd Suite 1A
Newport News, VA 23601
757-390-3660
757-390-3662 fax
e-mail: LenBennett@cox.net

**LEAD COUNSEL:**
Jason M. Krumbein
VSB 43538
Krumbein Consumer Legal Services, Inc.
5310 Markel Rd. Suite 102
Richmond, VA 23230
804-303-0204
Fax-804-303-0209

**ADDITIONAL COUNSEL TO BE NOTICED**
Leonard A. Bennett
VSB37523
Consumer Litigation Associates, PC
763 J. Clyde Morris Blvd Suite 1A
Newport News, VA 23601
757-390-3660
757-390-3662 fax