UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| CINDI MARCELLUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 3:12cv260 |
| | ) |
| VILLAGE BANK and | ) |
| DAVID G. FAHY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS DEFENDANT DAVID G. FAHY**

Defendant David G. Fahy ("Mr. Fahy"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Local Civil Rule 7(f), respectfully submits this Memorandum in support of his Motion to Dismiss the Complaint filed herein by Plaintiff Cindi Marcellus ("Plaintiff").

**INTRODUCTION**

Plaintiff has filed a lawsuit against Village Bank and Mr. Fahy, an employee of Village Bank, alleging a violation of § 1681b(f) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiff claims that Village Bank and Mr. Fahy impermissibly obtained and/or used her consumer report to induce her husband to make payments on a loan with Village Bank, on which Plaintiff was not obligated.

The Complaint is devoid of any factual allegations upon which Mr. Fahy could be found personally liable for the claim asserted. In fact, Plaintiff has entirely failed to allege that Mr. Fahy obtained Plaintiff's consumer report for personal reasons, unrelated to his employment with Village Bank, as is required to establish the individual liability of an employee under the FCRA. Rather, the facts alleged, if presumed as true for the purposes of a motion to dismiss,

demonstrate that Mr. Fahy was at all relevant times acting in the ordinary course of his employment with Village Bank. Accordingly, Plaintiff fails to state a claim against Mr. Fahy individually, and the Complaint should be dismissed as to Mr. Fahy pursuant to Rule 12(b)(6).

## FACTS

During the relevant time period, Plaintiff's husband, Robert Marcellus, was an obligor on a business account with Village Bank. (Compl. ¶¶ 6, 19.) Plaintiff claims that although she has never been obligated to pay on her husband's account or otherwise been obligated on any account with Village Bank, Village Bank impermissibly obtained her consumer report from TransUnion on or about October 28, 2010. (*Id*. ¶¶ 7-9, 13). According to Plaintiff, Village Bank took this action in order to induce her husband to enter into a payment plan on the business account, which was in default. (*Id*. ¶ 16.) In furtherance of this purpose, Plaintiff claims that Mr. Fahy showed her consumer report to her husband and told him that the report demonstrated that Village Bank could obtain payment from him and his wife on his outstanding obligation. (*Id*. ¶ 20.) Based on these limited facts, Plaintiff seeks to state a claim against Mr. Fahy under the FCRA for using and/or obtaining her consumer report without a permissible purpose.

## STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, a plaintiff's well pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Nor is the court bound to accept the legal conclusions drawn from the facts or accept as true the unwarranted inferences or unreasonable
2

conclusions. *E. Shore Mkt., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the factual allegations contained in the complaint must be enough to raise a right to relief above the *speculative* level to one that is *plausible* on its face, rather than merely conceivable. *Id.*  A complaint achieves facial plausibility only when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (The plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully."). A complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 557 (citations omitted).

## ARGUMENT AND LEGAL AUTHORITIES

### I.     Plaintiff Fails to State a Claim Against Mr. Fahy under § 1681b(f).

Plaintiff purports to state a claim against Mr. Fahy individually for using and/or obtaining Plaintiff's consumer report without a permissible purpose in violation of § 1681b(f).[1] However,

---

[1] Section 1681b(f) states that:

> A person shall not use or obtain a consumer report for any purpose unless—
>
> **(1)** the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

where an FCRA claim is alleged against an employee based on actions taken within the ordinary scope of his employment (as opposed to personal reasons unrelated to his employment), an employee is shielded from liability under the FCRA. *See Woodell v. United Way of Dutchess County*, 357 F. Supp. 2d 761, 774 (S.D.N.Y. 2005) (recognizing that "[defendant employee] may be held liable [under the FCRA] if it is found that he impermissibly obtained plaintiff's credit report for personal purposes, rather than merely in the ordinary course of his employment." (citations omitted)); *Wiggins v. Hitchens*, 853 F. Supp. 505, 509 (D.D.C. 1994) (holding that individual defendants could only be found liable under the FCRA if they were acting outside of the scope of their employment (citing *Yohay v. City of Alexandria Employees Credit Union*, 827 F.2d 967, 973 (4th Cir. 1987))); *Austin v. BankAmerica Serv. Corp.*, 419 F. Supp. 730, 734 (N.D. Ga. 1974) (same). Because Plaintiff has entirely failed to allege that Mr. Fahy used and/or obtained her consumer report for personal reasons outside the scope of his employment with Village Bank, her claim against him fails and must be dismissed.

The Fourth Circuit has acknowledged that employees acting within the scope of their employment (as opposed to acting for personal reasons unrelated to their employment) are shielded from liability for violations of the FCRA. *Yohay v. City of Alexandria Employees Credit Union*, 827 F.2d at 973 (citing the court's holding in *Austin* with approval, but distinguishing the case factually); *see Austin*, 419 F. Supp. at 734 (holding that "[t]he [FCRA] is inapplicable to these defendants who are merely employees of a 'user' of consumer credit

---

    **(2)** the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C § 1681b(f).

reports[.]"). In *Yohay*, plaintiff's ex-wife used the facilities of her employer to obtain plaintiff's credit report for the personal purpose of ensuring that plaintiff was no longer using joint credit card accounts that had been established before the couple separated. 827 F.2d at 969. Accordingly, the court found under these facts that the ex-wife employee had a clear "independent interest" in the plaintiff's credit report, and therefore, could be directly liable to plaintiff under the FCRA. *Id*. at 973 (recognizing that the employees sued in *Austin*—unlike the plaintiff's ex-wife in *Yohay*—had no independent interest in reports obtained on behalf of their employer). Unlike in *Yohay*, the facts alleged here, presumed to be true for the purposes of a motion to dismiss, clearly demonstrate that Plaintiff's consumer report was used and/or obtained within the ordinary scope of Mr. Fahy's employment with Village Bank.

In another case analyzing employee liability under the FCRA, *Woodell v. United Way of Dutchess County*, the court held that the employee defendant was shielded from liability on plaintiff's FCRA claim for failing to provide her with a copy of her credit report after relying upon it to terminate her employment despite the fact that the individual defendant admitted that he personally stated during plaintiff's termination meeting that her credit was worse than he had anticipated. 357 F. Supp. 2d at 773-74. Although the matter was decided on the employee defendant's motion for summary judgment, in ruling on this motion the court emphasized that "[p]laintiff [had] not alleged any facts that could support a finding that [the individual defendant] requested or used her credit report for anything other than the performance of his duties as an employee of the [defendant employer]." *Id*. at 774. The facts alleged here similarly fail.

Although Plaintiff has alleged, like in *Woodell*, that Mr. Fahy showed her consumer report to her husband during a meeting about his delinquent business account (Compl. ¶ 20), she has not alleged any facts that could support a finding that Mr. Fahy did so for personal reasons

5

unrelated to his employment. Rather, the facts alleged, presumed as true solely for purposes of a motion to dismiss, unquestionably demonstrate that Plaintiff's consumer report was used and/or obtained within the performance of Mr. Fahy's duties as an employee of Village Bank—in an attempt to obtain payment on a defaulted account that Plaintiff's husband had with the bank. Accordingly, Plaintiff has failed to plead facts sufficient to establish individual liability against Mr. Fahy for any alleged violation of the FCRA, and the Complaint should be dismissed against him.

## II.     Plaintiff Cannot Cure This Pleading Deficiency Through Discovery.

Plaintiff's failure to plead any factual allegations upon which Mr. Fahy plausibly could be determined to be individually liable under the FCRA warrants the dismissal of the claim asserted against him on a motion to dismiss. *See Marshall v. Gravitt*, No. 206-CV-0536, 2007 WL 1792416, at *3 (D. Nev. June 18, 2007) (dismissing FCRA claims against employee defendant on a motion to dismiss in part because plaintiff failed to allege that the employee had an independent interest in plaintiff's credit report beyond her employment with TransUnion), *aff'd sub nom. Marshall v. Swift River Acad., LLC*, 327 F. App'x 13 (9th Cir. 2009); *see also Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." (emphasis added)).

Moreover, the Supreme Court's decisions in *Twombly* and *Iqbal* do not permit a plaintiff to proceed past the pleading stage and take discovery in order to cure a defect in a complaint. *See Iqbal*, 129 S. Ct. at 1954 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *see also Patterson v. Novartis Pharmaceuticals Corp.*, 451 F. App'x 495, 498 (6th Cir. 2011) ("[Plaintiff] is not entitled to

discovery to determine whether [she could possibly state a claim against defendant]."); *Torch Liquidating Trust ex rel. Bridge Associates L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009) ("The role of discovery, however, is to find support for properly pleaded claims, not to find the claims themselves."); *Goldin v. Boce Group, L.C.*, 773 F. Supp. 2d 1376, 1381 (S.D. Fla. 2011) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim[.]" (citing *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004)).

Plaintiff's Complaint is plainly defective as to Mr. Fahy. The only factual allegation contained in the Complaint that specifically addresses Mr. Fahy's conduct is the allegation that he used Plaintiff's credit report in an attempt to obtain payment on a debt owed to his employer, Village Bank--a fact, which if true, establishes that Mr. Fahy was acting within the scope of his employment, and therefore, shields Mr. Fahy from liability under the FCRA. (Compl. ¶ 20.) Plaintiff alleges no other facts from which the Court could reasonably infer that Mr. Fahy has individual liability due to his having a personal reason unrelated to his employment for allegedly using and/or obtaining Plaintiff's credit report. Plaintiff should not be able to conduct discovery in an attempt establish these necessary facts to state such a claim against Mr. Fahy under the FCRA. Accordingly, Plaintiff's Complaint should be dismissed with prejudice as to Mr. Fahy.

## CONCLUSION

Plaintiff's Complaint fails to allege sufficient facts to state a viable cause of action against David Fahy. Accordingly, for the reasons stated herein, Mr. Fahy respectfully requests that the Complaint against him be dismissed with prejudice.

Dated: June 12, 2012                    Respectfully submitted,

                                        DAVID FAHY


                                        _____/s/_____
                                        Megan S. Ben'Ary (Va. No. 47439)
                                        Nicole Pszczolkowski (Va. Bar. No. 80826)
                                        LECLAIRRYAN, a Professional Corporation
                                        2318 Mill Road, Suite 1100
                                        Alexandria, Virginia 22314
                                        Telephone: (703) 647-5933
                                        Facsimile: (703) 647-5983
                                        Megan.Benary@leclairryan.com
                                        Nicole.Pszczolkowski@leclairryan.com

                                        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send a notification of such filing to the following counsel of record:

> Jason M. Krumbein, Esq.
> Krumbein Consumer Legal Services, Inc.
> 5310 Markel Road, Suite 102
> Richmond, VA  23230
>
> Leonard A. Bennett, Esq.
> Consumer Litigation Associates, PC
> 763 J. Clyde Morris Blvd, Suite 1A
> Newport News, VA  23601
>
> *Counsel for Plaintiff*

> _____/s/_____
> Megan S. Ben'Ary (Va. Bar No. 47349)
> LeCLAIRRYAN, A Professional Corporation
> 2318 Mill Road, Suite 1100
> Alexandria, VA  22314
> Telephone: (703) 647-5933
> Facsimile:  (703) 647-5983
> Megan.Benary@leclairryan.com
>
> *Counsel for Defendants*